# EXHIBIT D

## (Cedar Hills' Responses to Plaintiffs' First Set of Discovery Requests to Cedar Hills City)

H. Craig Hall (1307)
Hyrum J. Bosserman (16404)
Adam D. Goff (18389)
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Email: chall@btjd.com; hbosserman@btjd.com; agoff@btjd.com

*Attorneys for Cedar Hills City*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| JANENE THORPE, an individual; CHRISTOPHER THORPE, Sr., an individual, CHRISTOPHER THORPE, Jr., an individual; CHARLIE THORPE, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CEDAR HILLS CITY, a government entity; AMERICAN FORK CITY, a government entity; AMERICAN FORK CITY POLICE DEPARTMENT, a government entity; DARREN FALSLEV, in his official capacity as AMERICAN FORK CITY POLICE CHIEF; C. SLATE BLACKBURN, in his official and individual capacities; PHILLIP W.S. CRAIG, in his official and individual capacities; JENNIFER L. NAKAL in her official and individual capacities; KANDACE N. KONECHNY, in her official and individual capacities; SETH WIATE, in his official and individual capacity; and JOHN or JANE DOES 1-15, in their individual and/or official capacities; <br><br> Defendants. | **CEDAR HILLS' RESPONSES TO PLAINTIFFS' FIRST SET OF DISOVERY REQUESTS TO CEDAR HILLS CITY** <br><br> Case No. 2:23-cv-00242 <br><br> Judge David Barlow <br> Magistrate Daphne A. Oberg |

1

Defendant and Cross-claim Plaintiff Cedar Hills City ("*Cedar Hills*") hereby responds to Plaintiffs Janene Thorpe's, Christopher Thorpe, Sr.'s, Christopher Thorpe, Jr.'s, and Charlie Thorpe's (collectively "*Plaintiffs*'") First Set of Discovery Requests to Cedar Hills City as follows:

<b><u>GENERAL OBJECTIONS</u></b>

**<u>GENERAL OBJECTION NO. 1</u>:** Cedar Hills objects to each and every discovery request to the extent that the Requests purport to impose requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure.

**<u>GENERAL OBJECTION NO. 2</u>:** Cedar Hills objects to each and every discovery request to the extent the Requests purport to seek information protected by the attorney-client privilege, information protected by the work product doctrine, or trial preparation materials protected under Rule 26 of the Federal Rules of Civil Procedure or under any other valid privilege.

**<u>GENERAL OBJECTION NO. 3</u>:** Cedar Hills objects to each and every discovery request that seeks information that is irrelevant to the subject matter of the above-captioned matter and is not reasonably calculated to lead to the discovery of admissible evidence.

**<u>GENERAL OBJECTION NO. 4</u>:** Cedar Hills objects to each and every discovery request to the extent that it is overly broad or unduly burdensome and oppressive such that the burden or expense of the proposed discovery outweighs its likely benefit.

**<u>GENERAL OBJECTION NO. 5</u>:** Cedar Hills objects to each and every discovery request to the extent it is too vague and ambiguous to adequately describe what information is being sought or to allow the disclosure of such information with reasonable effort.

**GENERAL OBJECTION NO. 6:** Cedar Hills objects to each and every discovery request to the extent it purports to impose a burden of disclosing information not readily available to Cedar Hills and/or equally available to other parties.

**GENERAL OBJECTION NO. 7:** Cedar Hills to the foregoing objections and reservations, which are incorporated into the specific responses below as if set forth at length therein, the following answers are provided based upon review of matters to date. The right to supplement the responses if and when additional information is obtained is reserved.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in the specific responses below, the following terms include objections based upon their respective definitions:

A.    "Vague and Ambiguous" is defined to mean: Cedar Hills objects on the basis that and insofar as the discovery request is vague, uncertain, and ambiguous. "Vague and Ambiguous" is also defined to mean that Cedar Hills objects on the basis that a request made pursuant to Fed. R. Civ. P. 34 does not describe each item and/or category of documents or things to be inspected with reasonable particularity.

B.    "Overbroad" is defined to mean: Cedar Hills objects on the basis that and insofar as the information sought is overbroad and calls for an expansive potential breadth of information that is unreasonable in scope and parameter.

C.    "Irrelevant" is defined to mean: Cedar Hills objects on the basis that and insofar as the discovery request seeks information irrelevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

3

D.      "Duplicative" is defined to mean: Cedar Hills objects on the basis that and insofar as the information calls for information that is unreasonably cumulative or duplicative of other discovery.

E.      "Unduly burdensome" is defined to mean: Cedar Hills objects on the basis that the request is so broad and uncertain that it creates an unreasonable and undue burden or expense given the considerations set forth in Federal Rule of Civil Procedure 26(b)(1). "Unduly burdensome" is also defined to mean that Cedar Hills objects to the discovery request because the information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources or discovery procedures.

F.      "Privileged" is defined to mean: Cedar Hills objects on the basis that and insofar as the discovery request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or documents containing mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.  *See* Fed. R. Civ. P. 26(b)(5); Fed R. Evid. 501 to 502.

G.      "Compound" is defined to mean: Cedar Hills object on the basis that the Request contains discrete subparts that should be separately counted toward the requesting party's discovery limitations under Fed R. Civ. P. 26(b) and the Court's Scheduling Order. *See Swackhammer v. Spring Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004) (quoting Advisory Committee Note, 146 F.R.D. 401, 675–76 (Fed. 1993)) ("Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").

H.      The phrase "without waiving the foregoing objections," or words having similar effect, is defined to mean: Notwithstanding the fact that Cedar Hills answers or provides information in response to a discovery request, there is no waiver of any objection that has been asserted, and the information sought by the request that is otherwise covered by either a specific or general objection will not be produced.

## RESPONSE TO INTERROGATORIES

INTERROGATORY NO. 1: Identify all persons employed by or acting or behalf of Cedar Hills who had any involvement in negotiating, drafting, approving, or overseeing the Contract with American Fork City for police services in effect on April 23, 2021, including their roles, responsibilities, and dates of involvement.

**Response to Interrogatory No. 1:** Objection. This Interrogatory is Compound, in that it contains discrete subparts that should be separately counted toward the discovery limitations under Fed R. Civ. P. 26(b) and the Court's Scheduling Order. Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: Jenney Rees acted as the Mayor of Cedar Hills City and signed the Contract on behalf of Cedar Hills. Joel Wright acted as the City Attorney and advised Cedar Hills on the Contract during its negotiation and shortly after its execution. Chandler Goodwin, as Cedar Hills' City Manager, acts as the current point of contact between American Fork City ("*American Fork*") and American Fork Police Department ("*AFPD*") and Cedar Hills. The Cedar Hills City Council approved the Contract.

INTERROGATORY NO. 2: Describe in detail all policies, procedures, or guidelines provided by Cedar Hills to American Fork City or American Fork Police Department ("AFPD") regarding the provision of police services to Cedar Hills residents, including but not limited to use

5

of force, response to neighbor disputes, and officer training, in effect from January 1, 2020, to April 23, 2021.

**Response to Interrogatory No. 2:** Objection. This Interrogatory is Vague and Ambiguous with respect to the terms "policies," "procedures," "guidelines," "provision of police services," "neighbor disputes," and "officer training." Cedar Hills also objects on the grounds that this Interrogatory is Unduly Burdensome. The information sought is more readily obtainable and more easily discoverable through American Fork City itself. Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: In entering the Public Safety Agreement, Cedar Hills required and instructed American Fork City to maintain and follow specific procedures and guidelines. For example, Cedar Hills required and instructed American Fork City to follow and comply with all federal, state, and local laws, regulations, and ordinances in carrying out their public safety services. Additionally, Cedar Hills required and instructed American Fork City to provide regular instruction and training of its officers to ensure compliance with these laws and regulations. Further, Cedar Hills required and instructed American Fork City to specifically screen its officers and ensure that all officers employed by American Fork City are fully licensed and are in good standing. Moreover, Cedar Hills required and instructed American Fork City to secure and maintain all required licenses, permits, and certificates applicable to police activities and obligations. In furtherance of these obligations, American Fork City maintains its own policies, procedures, and guidelines for lawfully carrying out police services in both Cedar Hills and American Fork City.

INTERROGOTORY NO. 3: Identify all communications between Cedar Hills and American Fork City or AFPD concerning the Incident, including the date, participants, method

(e.g., email, phone, in-person), and substance of each communication, from April 23, 2021, to the present.

**Response to Interrogatory No. 3:** Objection: This Interrogatory is Vague and Ambiguous, and Privileged. This Interrogatory is Vague and Ambiguous with respect to the term "communications." This Interrogatory also seeks information that is potentially Privileged. This Interrogatory is also Compound in that it contains discrete subparts that should be separately counted toward Plaintiffs' discovery limitations under Fed R. Civ. P. 26(b) and the Court's Scheduling Order.

Subject to and without waiving the forgoing objections, Cedar Hills refers Plaintiffs to the communications and reports it produced herewith. *See* Fed. R. Civ. P. 33(d). Additionally, Cedar Hills had verbal communications with employees of Defendant American Fork City about the Incident when it received Plaintiffs' first and amended Notice of Claims back in 2022. Cedar Hills also had additional verbal communications with Defendant American Fork City when Plaintiffs initiated this lawsuit in the summer of 2023, including communications regarding Plaintiffs' Complaint, insurance coverage, and the Public Safety Agreement.

INTERROGOTORY NO. 4: State the factual basis for Cedar Hills' defense that it is not liable for the actions of AFPD officers during the Incident, including any provisions of the Contract, policies, or legal authorities relied upon, and identify all documents supporting this defense.

**Response to Interrogatory No. 4:** Objection: This Interrogatory is Vague and Ambiguous, Compound, Overbroad, and Unduly burdensome. This Interrogatory is Vague and Ambiguous with respect to the terms "defense," "liable," "actions," and "policies." This Interrogatory is Compound in that it contains discrete subparts that should be separately counted toward Plaintiffs'

discovery limitations under Fed R. Civ. P. 26(b) and the Court's Scheduling Order. This Interrogatory is also Overbroad and Unduly burdensome because this type of "blockbuster" interrogatory requesting a statement of every conceivable fact is, as a matter of law, unduly burdensome. *Hilt v. SFC Inc.*, 170 F.R.D 182, 187 (D. Kan. 1997) ("Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action. To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money."); *accord, e.g., Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome.") Therefore, "courts do not typically compel responses to interrogatories that seek a catalog of all facts or all evidence that supports a party's contentions." *Linde v. Arab Bank, PLC*, No. CV-04-2799(NG)(VPP), 2012 WL 957970, *1 (E.D.N.Y. Mar. 21, 2012) (unpublished). Rather, courts "tend[] toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered." *Id.*; *accord Craft Smith, LLC v. EC Design, LLC*, No. 2:16-cv-01235-DB-PMW, 2018 WL 10152304, *2 (D. Utah 2018) (unpublished) (declining to compel responses to interrogatories that "do not ask for a fact, or merely the application of a law to fact," but for a party's "position on what is ultimately a question for the trier of fact at trial").

Subject to and without waiving the foregoing objections, Cedar Hills responds as follows: Cedar Hills expressly incorporates its Answer and Cross-Claim, including its Affirmative Defenses therein. Cedar Hills also incorporates its responses to Plaintiffs' previous Interrogatories

Nos. 1–2. Cedar Hills also incorporates its Responses to Plaintiffs' First Set of Written Discovery Requests to Defendants. Cedar Hills further responds as follows: American Fork is responsible for (and obligated to indemnify Cedar Hills for) any alleged misconduct by its officers. Cedar Hills entered into a Public Safety Agreement with Defendant American Fork City, which contained a provision stating that Cedar Hills would not be responsible for the negligence or misconduct of American Fork Police Department Officers operating in Cedar Hills. The Public Safety Agreement also provided that American Fork City was responsible for the hiring, training, supervision, discipline, and firing of all law enforcement personnel. This Public Safety Agreement was in effect at the time of the Incident. Additionally, American Fork City expressly agreed that it would comply with all federal, state, and local laws, regulations, and ordinances in carrying out its police and public safety services. In short, American Fork is responsible and liable for its officers' conduct.

Additionally, American Fork acted as an independent contractor of Cedar Hills for law enforcement services. The Public Safety Agreement makes that clear, as does American Fork's course of conduct. As such, Cedar Hills cannot be liable for the officers' actions. *See, e.g., Price v. Smith's Food and Drug Ctrs., Inc.*, 2011 UT App 66, ¶ 26, 252 P.3d 365. And even if AFPD officers could somehow be considered employees of Cedar Hills, instead of merely independent contractors, it is a long-standing principal that a municipality cannot be held liable for Section 1983 claims under a theory of *respondeat superior*. *See, e.g., Monnell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978). And there is no evidence that Cedar Hills had an official policy or custom that caused Plaintiffs' injuries or was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury. *Cf. Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

INTERROGOTORY NO. 5: Identify all complaints, reports, or allegations received by Cedar Hills regarding AFPD's conduct in Cedar Hills from January 1, 2018, to April 23, 2021, including the date, nature of the complaint, individuals involved, and any actions taken by Cedar Hills in response.

**Response to Interrogatory No. 5:** Objection: This Interrogatory is Vague and Ambiguous, and Compound. This Interrogatory is Vague and Ambiguous with respect to the term "complaints," "reports," and "allegations." This Interrogatory is also Compound in that contains discrete subparts that should be separately counted toward the requesting party's discovery limitations under Fed. R. Civ. P. 26(b) and the Scheduling Order.

Subject to and without waiving the foregoing objections, Cedar Hills responds as follows: Cedar Hills did not receive any complaints or allegations of police misconduct by AFPD from January 1, 2018 to April 23, 2021. While citizens have occasionally requested an increase police presence to stop vandalism or speeding issues, at no time during this period was Cedar Hills ever informed by a resident that AFPD was operating in any unprofessional, improper, or unconstitutional manner. Rather, Cedar Hills routinely heard comments about the outstanding job AFPD was doing in the City. With respect to reports, American Fork gave monthly reports of incidents it handled in Cedar Hills' city limits with summaries of actions taken by AFPD. An example of these monthly reports is produced herewith in response to Request for Production No. 5.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

PRODUCTION REQUEST NO. 1: Produce all documents, including but not limited to contracts, amendments, memoranda, correspondence, and meeting minutes, related to the Contract

10

between Cedar Hills City and American Fork City for police services, in effect from January 1, 2020, to April 23, 2021.

**Response to Production Request No. 1:** Objection: This Request is Vague and Ambiguous and Compound, and Privileged. This Request is Vague and Ambiguous because it does not clarify whether the timeframe refers to when the documents sought were created or when the Contract was in effect. Cedar Hills also objects to this Request to the extent it seeks information and documents that are Privileged, including information and documents protected by the attorney-client privilege and work-product privileges.

Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: Cedar Hills refers Plaintiffs to the documents that have previously been produced by the parties in the case. Cedar Hills also refers Plaintiffs to documents produced herewith.

PRODUCTION REQUEST NO. 2: Produce all policies, procedures, training materials, or guidelines provided by Cedar Hills to American Fork City or AFPD, or adopted by Cedar Hills, concerning police services, use of force, response to neighbor disputes, or officer conduct in Cedar Hills, in effect from January 1, 2020, to April 23, 2021.

**Response to Production Request No. 2:** Objection: This Request is Vague and Ambiguous with respect to the terms "policies," "procedures," "training materials," "guidelines," "neighbor disputes," and "officer conduct." This Request is Duplicative and Unduly burdensome. This Request is Duplicative to the extent that it seeks information that has already been produced through other discovery. This Request is Unduly burdensome to the extent that it seeks information that is more easily obtained through other discovery or via Requests to other parties in this case, namely American Fork City and/or AFPD Defendants.

11

Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: Cedar Hills refers Plaintiffs to the documents that have been produced by the parties in the case. Cedar Hills also states that American Fork City maintains its own policies, procedures and guidelines, and handles its own trainings and instructions for its officers. These records may be obtained from American Fork City.

PRODUCTION REQUEST NO. 3: Produce all communications, including but not limited to emails, letters, text messages, and meeting notes, between Cedar Hills and American Fork City or AFPD concerning the Incident, from April 23, 2021, to the present.

**Response to Production Request No. 3:** Objection: This Request is Duplicative and Privileged. This Request is Duplicative to the extent that it seeks information that has already been produced through other discovery. Cedar Hills also objects to the extent this Request seeks information that is Privileged, including information and documents protected by the attorney-client and work product privileges.

Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: Cedar Hills refers Plaintiffs to the documents that have been produced by the parties in the case. Cedar Hills also refers Plaintiffs to documents produced herewith.

PRODUCTION REQUEST NO. 4: Produce all documents related to complaints, reports, or allegations received by Cedar Hills regarding AFPD's conduct in Cedar Hills from January 1, 2018, to April 23, 2021, including but not limited to citizen complaints, internal investigations, and disciplinary records.

**Response to Production Request No. 4:** Objection. This Request is Vague and Ambiguous. The Request is Vague and Ambiguous because it uses examples for responsive documents that are undefined such as "citizen complaint," "internal investigations," and

12

"disciplinary records." This Request is also Vague and Ambiguous with respect to the term "AFPD's conduct."

Subject to and without waiving the forgoing objections, Cedar Hills refers Plaintiffs to documents produced herewith.

PRODUCTION REQUEST NO. 5: Produce all documents, including but not limited to reports, correspondence, and meeting minutes, concerning Cedar Hills' oversight, evaluation, or monitoring of AFPD's performance under the Contract from January 1, 2020, to April 23, 2021.

**Response to Production Request No. 5:** Objection. This Request is Vague and Ambiguous, Overbroad, Irrelevant, and Privileged. The Request is Vague and Ambiguous with respect to the terms "oversight," "evaluation," "monitoring," "performance" and "AFPD's performance." The Request is Overbroad and Irrelevant because it seeks "all documents" without limiting these requested correspondences to a specific matter or incident, and thus includes a significant amount of documents that do not relate to the subject of the lawsuit and is not reasonably calculated to lead to discoverable information. The Request also seeks Privileged and confidential correspondence, including correspondence that are protected by the attorney-client privilege, work product privileges. It also seeks correspondence that contain confidential and sensitive information.

Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: Cedar Hills refers Plaintiffs to the documents that have previously been produced by the parties in the case. Cedar Hills also refers Plaintiffs to documents produced herewith.

PRODUCTION REQUEST NO. 6: Produce all communications between Cedar Hills and any member of the Thorpe family or their representatives from January 1, 2020, to the present, concerning the Incident, the Thorpe property, or complaints related to the Sanches family.

**Response to Production Request No. 6:** Objection. This Request is Vague and Ambiguous, Duplicative, Unduly burdensome, Irrelevant, and Privileged. The Request is Vague and Ambiguous with respect to the terms "member" and "representatives." This Request is Duplicative to the extent that it seeks documents that have already been obtained through other discovery. This Request is Unduly burdensome because it seeks information that is already in Plaintiffs' possession. This Request is also Irrelevant in that it seeks a significant amount of potential correspondence that does not relate to the subject of the lawsuit and is not reasonably calculated to lead to discoverable information.

Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: Cedar Hills refers Plaintiffs to the documents that have previously been produced by the parties in the case. Cedar Hills also refers Plaintiffs to documents produced herewith.

PRODUCTION REQUEST NO. 7: Produce all documents related to Cedar Hills' response to the Amended Notice of Claim (CH000099-CH000106) submitted by Plaintiffs, including but not limited to internal communications, investigations, and correspondence with American Fork City or AFPD.

**Response to Production Request No. 7:** Objection. This Request is Vague Ambiguous, Compound, Duplicative, Privileged, and, Unduly burdensome. The Request is Vague and Ambiguous with respect to the phrase "related to Cedar Hills' response to the Amended Notice of Claim" since such phrase could conceivably mean anything related to the lawsuit more generally. To the extent that such a liberal interpretation is meant by the phrase "related to Cedar Hills' response to the Amended Notice of Claim," the Request is Compound because it contains discrete subparts that should be separately counted toward the requesting party's discovery limitations. The Request is also Duplicative because it seeks documents that have already been produced through

14

other discovery. The Request also seeks Privileged and confidential correspondence, including correspondence that are protected by the attorney-client privilege, work product privileges. It also seeks correspondence that contain confidential and sensitive information. Finally, the Request is Unduly burdensome because it seeks to impose a disproportionate cost and amount of effort on Cedar Hills.

Subject to and without waiving the forgoing objections, Cedar Hills responds as follows: Cedar Hills refers Plaintiffs to the documents that have been produced by the parties in the case. Cedar Hills also refers Plaintiffs to documents produced herewith.

DATED this 16th day of September, 2025.

BENNETT TUELLER JOHNSON & DEERE

H. Craig Hall
Hyrum J. Bosserman
Adam D. Goff
*Attorneys for Cedar Hills*

15

**VERIFICATION**

I declare under penalty of perjury that the foregoing interrogatories are true and accurate to the best of my knowledge.

/s/ Chandler Goodwin
Chandler Goodwin
*City Manager of Cedar Hills City*
(signed with permission)

## CERTIFICATE OF SERVICE

I certify that on this 16th day of September, 2025, I caused the foregoing **CEDAR HILLS' RESPONSES TO PLAINTIFFS' FIRST SET OF DISOVERY REQUESTS TO CEDAR HILLS CITY** along with documents bates-numbered **CH0000120–CH0000319** to be served via E-Mail on the following:

Norman W. Peat, Jr.
UTAH LAW, P.C.
170 S. 1200 E., Suite 320
Lehi, Utah 84043
norm@utah.law
*Attorneys for Plaintiffs*

Robert L. Janicki
Michael L. Ford
STRONG & HANNI
9350 South 150 East, Suite 500
Sandy, Utah 84070
rjanicki@strongandhanni.com
mford@strongandhanni.com
*Attorneys for Defendant*

Gary R. Guelker
JENSEN & GUELKER PPLC
747 East South Temple, Ste. 130
Salt Lake City, Utah 84102
gguelker@rlattorneys.com
*Attorneys for Defendant*

/s/ Adam D. Goff
Adam D. Goff

17