# EXHIBIT E

**(Plaintiffs' Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiffs)**

JUSTIN D. HEIDEMAN (USB #8897)
NORMAN W. PEAT, JR. (USB #17836)
**HEIDEMAN & ASSOCIATES**
2696 North University Avenue, Suite 180
Provo, Utah 84604
Telephone: (801) 472-7742
Facsimile: (801) 374-1724
Email: jheideman@heidlaw.com
       npeat@heidlaw.com
*Attorneys for Plaintiffs*

---

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JANENE THORPE**, an individual; **CHRISTOPHER THORPE, SR.**, an individual; **CHRISTOPHER THORPE, JR.**, an individual; **CHARLIE THORPE**, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>**CEDAR HILLS CITY**, a government entity; **AMERICAN FORK CITY**, a government entity; **AMERICAN FORK CITY POLICE DEPARTMENT**, a government entity; **DARREN FALSLEV**, in his official capacity and individual capacity as AMERICAN FORK POLICE CHIEF; **C. SLATE BLACKBURN**, in his official and individual capacities; **PHILLIP W.S. CRAIG**, in his official and individual capacities; **JENNIFER L. NAKAI**, in her official and individual capacities, **KANDACE N. KONECHNY**, in her official and individual capacities; **SETH WIATE**, in his official and individual capacity; and **JOHN** or **JANE DOES**, 1-15, in their individual and/or official capacities;<br><br>Defendants. | **PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**<br><br><br><br>Case No. 2:23-CV-00242<br>Judge David Barlow<br>Magistrate Daphne A. Oberg |

COMES NOW, Plaintiffs, JANENE THORPE, CHRISTOPHER TIMOTHY THORPE, CHRISTOPHER TAYLOR THORPE, and CHARLIE THORPE, by and through their respective counsel of record, and  pursuant to Fed. R. Civ. P. 26-1, 33, 34, and 36, hereby responds to Defendants' *First Set of Interrogatories and Requests for Production of Documents to Plaintiffs:*

## PRELIMINARY STATEMENT

These responses reflect Plaintiffs' current understanding, belief, and analysis with regard to the discovery requests.  These responses are given without prejudice to Plaintiffs producing evidence of any subsequently discovered facts.  Plaintiffs also expressly reserve the right to assert any additional factual allegations or legal contentions as additional facts are discovered and analyzed.

To the extent that Plaintiffs have not objected to a given request, Plaintiffs have made a reasonable and good faith effort to respond to all requests made in these requests.  Plaintiffs' answers consist of their current understanding and interpretation of Defendant's requests.   If Plaintiffs subsequently assert an interpretation of any of the requests propounded herein, Plaintiffs reserve the right, without obligating themselves to do so, to supplement these responses and/or objections.

## GENERAL OBJECTIONS

1.      Plaintiffs will respond to the Discovery Requests pursuant to the applicable provisions of the Federal Rules of Civil Procedure, and any purported instructions, definitions, requirements, or requests to the contrary are objected to and will be disregarded.

2.      Plaintiffs' investigation into all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to and are not a waiver of Plaintiffs'

right to rely on other facts or documents at trial.

3.      Plaintiffs have completed some expert discovery, yet said expert discovery is not completed in this matter and reserve the right, without assuming any obligation, to supplement, add to, amend, revise, clarify, or correct these responses as necessary, including if new information is uncovered.  Plaintiffs also reserve the right to introduce evidence from any source and testimony from any witness in any future proceeding in this action.

4.      By making the accompanying responses and objections to Defendant's requests for documents, Plaintiffs do not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Furthermore, Plaintiffs makes the responses and objections herein without in any way implying that it considers the requests and responses to the requests to be relevant or material to the subject matter of this action.

5.      A response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiffs performed any of the acts described in the document request or definitions and/or instructions applicable to the document request or that Plaintiffs acquiesce in the characterization of the conduct or activities contained in the document request or definitions and/or instructions applicable to the document request.

6.      Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all the responses and objections herein and to assert additional objections or privileges in one or more subsequent supplemental response(s).

7.      Plaintiffs will make responsive documents available for inspection at Plaintiffs' attorneys' offices.  Alternatively, Plaintiffs will produce copies of the documents.

8.      Publicly available documents, including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

9.      Plaintiffs incorporate by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiffs do not waive their right to amend their responses.

## INTERROGATORIES

**INTERROGATORY NO. 1**: *Describe specifically all physical injuries/symptoms, physical illnesses, mental complaints and/or emotional complaints Plaintiffs claim to have experienced which result directly or indirectly from the Incident referred to in Plaintiffs' Amended Complaint, including a description as best known to Plaintiffs of the nature of the injury or illness, description of those complaints, relating them particularly to a specific part of Plaintiffs' body, the duration of the injury or illness, and the limiting effect, if any, of the injury upon Plaintiffs' daily life. (Please note, this Interrogatory is not seeking expert or medical opinion, but rather Plaintiffs' understanding of their injuries.)*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above.  While the scope of discovery is broad, it is, however, limited by the legitimate interests of an opposing party and requires a balancing of the probative value of the information sought with the burden placed upon the Plaintiffs.  Plaintiffs hereby object to the Defendants' Discovery on the grounds that said Discovery is facially overbroad, vague, confusing, compound, ambiguous, unduly burdensome, requests irrelevant, immaterial, or inadmissible information or information protected by privilege, and/or contains multipart questions in violation of law, rule or regulation.

This Request is so broad and is not limited as to time, context, relevance, and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Plaintiffs. The request is calculated to annoy and harass Plaintiffs.

This Request, as phrased, is argumentative. It requires the adoption of an assumption, which is improper.

The response to this Request can be derived or ascertained from the business records of Defendants in this case or from an examination or inspection of such records; the burden of deriving or ascertaining the answer to this discovery request is substantially the same for the propounding party as it is for Plaintiffs.

This Request invades Plaintiffs' right to privacy by asking for information that is protected. This Request and the information sought are not relevant to the subject matter of the pending action, or if so, do not outweigh the prejudice to Plaintiffs' constitutional right to privacy.

Plaintiffs object to this request because Defendants exceed the number of Requests allowed by rule, including all discrete subparts.

Plaintiffs reserves the right to supplement this (and every other) Response.

Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiff, Christopher Thorpe, Sr.'s ("Chris, Sr.") injuries include ongoing Post Traumatic Stress Disorder ("PTSD") and head and arm injuries that resulted from the door being kicked in by law enforcement officers. Chris, Sr. suffered from physical injuries for approximately thirty to forty-five days. Chris, Sr. has suffered and continues to suffer from PTSD. All of Chris, Sr.'s above

injuries, which are likely to cause future medical injuries that have not been discovered yet, resulted from the assault and unlawful forceable entry by law enforcement officers.

Plaintiff, Janene Thorpe's ("Janene") injuries include severe ongoing PTSD, a concussion that included dizziness and vomiting for several weeks, a dislocated jaw that requires ongoing treatment, a bruised left and right upper arm that bruised and swelled for several weeks, a bruised lower left and right arm that bruised and swelled for several weeks, a torn ligament in the right foot causing pain and discomfort when walking to this day, severe bruising and swelling to the upper left leg that bruised for several weeks, whiplash causing severe neck pain, shoulder pain, neck instability, dizziness, vomiting, nausea, sleeplessness and ongoing headaches for approximately six months, upper and lower back pain for almost one year and ongoing intermittently to this day, and permanent swelling, bruising, and scarring on left lower shin. All of Janene's above injuries, which are likely to cause future medical injuries that have not been discovered yet, resulted from the assault and unlawful forceable entry by law enforcement officers.

Plaintiff, Christopher Thorpe, Jr.'s ("Chris, Jr.") injuries include ongoing PTSD, bruising on hands and wrists, and bruising on both left and right arms. Chris, Jr. suffered from physical injuries for approximately thirty to forty-five days. Chris, Jr. has suffered and continues to suffer from PTSD. All of Chris, Jr.'s above injuries, which are likely to cause future medical injuries that have not been discovered yet, resulted from the assault and unlawful forceable entry by law enforcement officers.

Plaintiff, Charles Thorpe's ("Charlie") injuries include ongoing PTSD. Mr. Thorpe, Jr. has suffered and continues to suffer from PTSD. All of Charlie's above injuries, which are likely to

cause future medical injuries that have not been discovered yet, resulted from the assault and unlawful forceable entry by law enforcement officers.

**INTERROGATORY NO. 2**: *Set forth the name and addresses of all physicians, surgeons, chiropractors, osteopaths, nurses, physical therapists, or other persons practicing the healing arts and sciences relating to the diagnosis or treatment or any injury or illness Plaintiff experienced in the last 10 years, and the condition and/or symptoms for which Plaintiffs were treated.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. Plaintiffs object to Interrogatory No. 2 on the grounds that Interrogatory No. 2 is not targeted to a specific issue, tailored to a specific claim, or focused on anything in particular, and is not reasonably calculated to lead to the discovery of admissible evidence contains multipart questions in violation of law, rule, or regulation. Plaintiffs object to Interrogatory No. 2 on the grounds and to the extent that it is overly broad both in time and scope, violates proportionality principles, is harassing, and is unduly burdensome. Plaintiffs further object to the extent that the information requested is protected by state and federal laws. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows:

Plaintiffs were seen or treated for the injuries sustained from the assault and unlawful forceable entry by law enforcement officers by Carol Tanner MPAS, PA-C Psych located at 1788 North State Street, Orem, Utah 84057, 801-369-8989, treatment from Thomas Trevort DNR NP-C located at 1055 North 300 West, Suite 410, Provo, Utah 84604, 801-616-3675, treatment from Hart, Ryan, DDS, FAACP, 355 East 50, American Fork, Utah 84003, 801-756-0900, treatment from American Fork Hospital located at 170 North 1100 East, American Fork, Utah 84003, 801-855-3300, and treatment from Dr. Daniel M. Hoops, 1055 North 500 West, Suite 121, Provo, Utah 84604, 801-373-7350. For all other medical practitioners, see Plaintiffs' *Third Supplemental Disclosures* produced herewith.

**INTERROGATORY NO. 3**: *With regard to major injuries, illnesses, complaints or symptoms that Plaintiffs allege were caused by the Incident, state whether Plaintiffs have ever experienced similar injuries, illnesses, complaints or symptoms, prior to the Incident, and if so, set forth the nature of the injuries, illnesses, complaints or symptoms, the date(s) thereof, the cause(s) thereof, if known, and the names and addresses of all persons or institutions examining or treating Plaintiffs on account of such injury, complaint, illness or symptom. (Please note, this Interrogatory is not seeking expert or medical opinion, but rather Plaintiffs' understanding of their previous injuries.)*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Prior to the assault and unlawful forceable entry by law enforcement, Plaintiffs suffered not have experienced or suffered similar injuries prior to the Incident.  However, Plaintiff, Janene Thorpe, suffered from a brain tumor, and Janene will likely suffer the effects of having the brain tumor surgically removed for life.  Said effects were and continue to be exacerbated by the assault and unlawful forceable entry by law enforcement officers.

**INTERROGATORY NO. 4**: *If Plaintiffs claim that any injury, illness, condition and/or symptom suffered as a result of the Incident is permanent in nature, then set forth the nature and extent of each such permanent injury or illness, the name and address of each medical practitioner who has advised Plaintiffs concerning such permanent injury or illness, the dates upon which any such advice was obtained regarding said permanent injury or illness, and set forth any percentage ratings of disability or impairment known to Plaintiffs, if any, and the name and address of the medical practitioner so advising Plaintiff regarding such permanent disability or impairment. (Please note, this Interrogatory is not seeking expert or medical opinion, but rather Plaintiffs' understanding of the permanency of their injuries.)*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiffs cannot properly respond to Interrogatory No. 4 as the Request compound, seeks

Plaintiffs to be speculative, vague as to any other incident, event, treatment, date, location, and injuries.  However, Plaintiffs refer Defendants to the responses to Interrogatories 2 and 3 above.

**INTERROGATORY NO. 5**: *Itemize all expenses incurred by Plaintiffs as a result of the Incident for medical care, drugs, medicines, devices or appliances, personal assistance, household help, and other "consequential damages" as alleged in Plaintiffs' Initial Disclosures. In so doing, set forth the date of treatment purchase, or service, the person or company from whom it was purchased or the service obtained, the amount charged for each such medical treatment, purchase, or service, the amount actually paid and/or accepted as payment for each such medical treatment or prescribing or recommending such purchase or service.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein.  Plaintiffs further object to Interrogatory No. 1 on the grounds that the Request contains several subparts disguised as a single request.  Subject to and without waiving the foregoing objection, Plaintiffs respond as follows:

> PTSD Treatment Sessions with Phycologist: 2021-Present
> $5,000.00
> Dislocated Jaw: Still being treated. 2021 – 2024
> Concussion, Whiplash, Arm and Leg Wounds: 2021 – 2022
> Torn Ligament in Foot: 2021 – 2022
> Back Injury: 2021 – 2022
> Shin Injury: 2021-2022
> Medications, Appliances, Treatments
> $175,000.00

**INTERROGATORY NO. 6**: *If Plaintiffs claim that they will require medical care in the future as a result of the Incident, itemize all expected expenses, and in so doing, set forth the basis for such claim for treatment expenses, the expected date(s) of treatment, and the medical practitioners' name(s) and the nature and extent of treatment required or recommended. (Please note, this Interrogatory does not seek expert opinion, but rather Plaintiffs' understanding of any future medical care they may require as a result of the Incident.)*

**RESPONSE**: OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond as

follows: Plaintiffs cannot properly respond to Interrogatory No. 6 as the Request compound, seeks Plaintiffs to be speculative, vague as to all expected expenses, practitioner, treatment, and recommendations.

**INTERROGATORY NO. 7**: *If it is claimed that Plaintiffs have suffered any loss of earnings, wages or income, and/or he will lose earnings, wages or earning capacity in the future, as a result of the Incident, then set forth; an **itemization** of each loss claimed, the total amount claimed, the manner in which the amount is calculated, and the names and addresses of any person(s) upon which the amount is calculated, and the names and addresses of any person(s) upon whom Plaintiff may have relied upon or does rely upon in claiming any loss of earnings or future earning capacity.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiffs cannot properly respond to Interrogatory No. 7 as the Request is compound, seeks Plaintiffs to be speculative, vague as to any other any loss, date, location, and names.

**INTERROGATORY NO. 8**: *State the name and address of each pharmacy where Plaintiffs received prescription medication, for any reason, in the 10 years immediately preceding the date of the Incident, up to including the present time.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows:

Cedar Hills Walmart Pharmacy, 4689 W. Cedar Hills Dr. Cedar Hills, Utah 84062.

**INTERROGATORY NO. 9**: *If Plaintiffs have ever been involves in any other incident or event which necessitated medical or psychological treatment, state the date and location of each other incident or event, a reasonable description of each other incident or event, and a brief description of any injuries sustained by any party to each other incident or event.*

**RESPONSE**: OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiffs cannot properly respond to Interrogatory No. 7 as the Request is compound, seeks Plaintiffs to be speculative, vague as to any other incident, event, treatment, date, location, and injuries.

**INTERROGATORY NO. 10**: *If it is claimed that Plaintiffs were able to engage in certain activities prior to the Incident and that now, due to the Incident, they are prohibited from or limited in such activities, please set forth; the specific activity or activities that Plaintiffs are prohibited or limited in performing, the time that Plaintiffs spent engaging in each activity per week before the Incident, the time that Plaintiffs spent consecutively engaged in each activity per week subsequent to the Incident; and the time that Plaintiffs have spent consecutively engaged in each activity at any time subsequent to the Incident.*

**RESPONSE**: OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiffs cannot properly respond to Interrogatory No. 7 as the Request is compound, seeks Plaintiffs to be speculative, vague as to any other incident, event, treatment, date, location, and injuries.

**INTERROGATORY NO. 11**: *For each and every employer you have had in the five years preceding the Incident to the present date, please set forth, the name, address, and phone number of the employer; your job title(s) held while at this employer; a description of your job for each title held; the name and contact information of your immediate supervisor for each title held; your wages while at this employer; and the exact dates of your employment.*

**RESPONSE**: OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly

stated herein.   Subject to and without waiving the foregoing objection, Plaintiffs respond as follows:

Christopher Thorpe:

- Employer: eBay, Address: 583 eBay Wy. Draper, UT 84020 (Building Closed) Position: Technical Support / IT, Wage: Personal, Supervisor contact info: Unknown, Within 5 years of incident.

- Employer: Alliance Data, Address: 12921 Vista Station Blvd, Draper, UT 84020, (Building Closed) Position: Support / Financial Consultant: Wages: Personal, Supervisor Contact: Personal, Within 5 years of the incident.

Janene Thorpe: N/A

C. Taylor Thorpe: N/A

Charles Thorpe: N/A

**INTERROGATORY NO. 12**: *State whether Plaintiffs have ever been a party to a civil lawsuit; and provide the case number(s), forum(s), and parties to each civil proceeding and a brief description of the nature of each proceeding.*

**RESPONSE**: OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein.   Subject to and without waiving the foregoing objection, Plaintiffs respond as follows:  Defendants have equal access to the records from which the Interrogatory No. 1 can be derived.

- Fourth Judicial District, S.F. Small Claims, Case No. 088300545, High Five Chiropractic v. Christopher and Janene Thorpe.

- Fourth Judicial District, Case No. 180400305, Ed and Maria Sanches v. Christopher and Janene Thorpe.

- Fourth Judicial District, Case No. 210400815, Maria Sanches v. Janene Thorpe.

- Fourth Judicial District, Case No. 210400816, Maria Sanches v. Christopher Thorpe.

- Fourth Judicial District, Case No. 220100200, Janene Thorpe v. Ed and Maria Sanches.

- Fourth Judicial District, Case No. 220401407, Janene Thorpe v. Ed and Maria Sanches.

- Fourth Judicial District, Case No. 239103345, Mountain Land Collections v. Christopher and Janene Thorpe.

**INTERROGATORY NO. 13**: *Please state the factual basis behind the allegations in paragraphs 16 and 19 of the Second Amended Complaint Verified and Demand for Jury (alleging that the policies of Cedar Hills and AF Police caused the injuries) and identify which policies you contend resulted in your alleged injuries.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Interrogatory No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Paragraphs 45-454 of the *Second Verified Amended Complaint*; *see also,* American Fork Police Department and Cedar Hills City policies from which the information to satisfied Interrogatory 1 can equal be derived by Defendants.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1**: *All documents Plaintiffs used or identified in answering Defendants' First Set of Interrogatories to Plaintiffs.*

**RESPONSE**:  OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  This Request has, in substance, been previously propounded.

This Request seeks information subject to the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice."

Plaintiffs further object to this request as an improper attempt to elicit the mental impressions of Plaintiffs' attorneys.

While the scope of discovery is broad, it is, however, limited by the legitimate interests of an opposing party and requires a balancing of the probative value of the information sought with the burden placed upon the Plaintiffs.  Plaintiffs hereby object to Defendants' Discovery on the grounds that said Discovery is facially overbroad, vague, confusing, compound, ambiguous, unduly burdensome, requests irrelevant, immaterial, or inadmissible information or information protected by privilege, and/or contains multipart questions in violation, of law, rule or regulation.

This Request, as phrased, is argumentative. It requires the adoption of an assumption, which is improper.

This Request seeks discovery that is equally available to the propounding party.

Plaintiff objects to this request because Defendant exceeds the number of Requests allowed by rule, including all discrete subparts.

Plaintiffs reserve the right to supplement this (and every other) Response.

Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures* and the documents produced therewith, from which the information contained therein satisfies this Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as

discovery is ongoing.

**REQUEST NO. 2**: *Please produce all invoices, statements, receipts, bills, or other documentation relation to the purchase of drugs, medicine, appliances relating in any fashion to the treatment or alleviation of any injury or condition complained of by the Plaintiffs as a result of the injuries referred to in the Plaintiffs' Amended Complaint arising from the Incident.*

**RESPONSE**:   OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Plaintiffs' *Initial Disclosures* and *Supplemental Disclosures* and the documents produced therewith, from which the information contained therein satisfies this Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as discovery is ongoing.

**REQUEST NO. 3**: *Please produce all invoices, statements, receipts, bills, or other documentation relating to your claim for past and future loss of household services as alleged in Plaintiffs' Amended Complaint.*

**RESPONSE**:   OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond as follows:  *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures*  and the documents produced therewith, from which the information contained therein satisfies this Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as discovery is ongoing.

**REQUEST NO. 4**: *All documents from all health care providers who treated Plaintiffs as a result of the Incident, that have not hereto been disclosed.*

**RESPONSE**:   OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if

expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond

as follows: *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and  *Third Supplemental*

*Disclosures*  and the documents produced therewith, from which the information contained therein

satisfies this Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil

Procedure as discovery is ongoing.

**REQUEST NO. 5**: *Please produce all correspondence, documents or letters in any way relating to any disability, impairment, forced retirement, loss of earnings, income, or loss of earning capacity allegedly suffered as a result of the Incident.*

**RESPONSE**: OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See*

Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if

expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond

as follows:  *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and  *Third Supplemental*

*Disclosures*  and the documents produced therewith, from which the information contained therein

satisfies this Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil

Procedure as discovery is ongoing.

**REQUEST NO. 6**: *All documents, records or writings known to Plaintiffs which relate to or reflect any investigation or report concerning the Incident by any person or organization.*

**RESPONSE**: OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See*

Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if

expressly stated herein.  Subject to and without waiving the foregoing objection, Plaintiffs respond

as follows:  *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and  *Third Supplemental*

*Disclosures*  and the documents produced therewith, from which the information contained therein

satisfies this Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil

Procedure as discovery is ongoing.

**REQUEST NO. 7**: *Produce any and all written or recorded statements taken by Plaintiffs, Plaintiffs' attorney or agents or representatives from the Plaintiffs, defendants, or witnesses to those incidents referred to in Plaintiffs' Amended Complaint concerning the damages and claims arising from the Incident.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein. Plaintiffs further object to Request No. 2 on the grounds and to the extent that it calls for privileged attorney-client communications between Plaintiffs, Mr. Justin Heideman, Mr. Norman Peat, and attorney support staff of the firm Heideman and Associates or Plaintiffs' prior legal representatives. Plaintiffs further object on the grounds and to the extent that the Request calls for attorney work-product created by Plaintiffs' counsel in the preparation of Plaintiff's case. Subject to and without waiving any objection, all responsive documents have previously been produced as exhibits to Plaintiffs' *Complaint*, as part of Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures,* or by Defendants in their *Initial Disclosures* or *Supplemental Disclosures*. Plaintiffs will supplement as discovery is ongoing.

**REQUEST NO. 8**: *Please produce all communications, including but not limited to letters, emails, texts, audio recordings, voicemails, or any other documents, between you and the Sanchezes.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Request for Production No. 1 and 7, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures* and the documents produced therewith, from which the information

contained therein satisfies this Request. Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as discovery is ongoing.

REQUEST NO. 9: *Any and all documentation indicating in any way your earnings, lost earnings, earning capacity as a result of the injuries alleged in this lawsuit. This includes, but is not limited to, any and all State and Federal Income Tax Returns for Plaintiff, including W-2 forms, wage and tax statements for the taxable years 2018-2023.*

RESPONSE: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures* and the documents produced therewith, from which the information contained therein satisfies this Request. Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as discovery is ongoing.

REQUEST NO. 10: *All documents written by Plaintiffs, including personal journals, diaries, social media posts, texts, chats, tweets, videos, and/or live streams which relate or pertain to the Incident, Plaintiffs' medical condition, the nature of Plaintiffs' injuries, prognosis, and/or rehabilitation or any other facts relevant to the Incident or Plaintiff's injuries or claim for damages.*

RESPONSE: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures* and the documents produced therewith, from which the information contained therein satisfies this Request. Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as discovery is ongoing.

**REQUEST NO. 11**: *Produce all applications, exhibits, materials, documents related to the SSA proceeding and Order attaches (sic) as Exhibit A.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiffs do not have the documents requested and are working to gather such documents. Upon receipt, Plaintiffs will amend this response when produced. Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as discovery is ongoing.

**REQUEST NO. 12**: *Produce all communications, including social media posts, texts, letters, etc., and written documents with any person regarding the Sancheses at any time.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures* and the documents produced therewith, from which the information contained therein satisfies this Request. Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as discovery is ongoing.

**REQUEST NO. 13**: *Produce all communications with any person about he Incident or the allegations in the Complaint.*

**RESPONSE**: OBJECTION. Plaintiffs reiterate and restate each Objection from above. *See* Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if expressly stated herein. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: *See* Plaintiffs' *Initial Disclosures, Supplemental Disclosures*, and *Third Supplemental Disclosures* and the documents produced therewith, from which the information contained therein

satisfies this Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil

Procedure as discovery is ongoing.

REQUEST NO. 14: *Produce the complete contents of any social networking account or blog, including, but not limited to, Facebook, Instagram, Twitter, Snapchat, Tik-Tok, etc. that you use or have used at any time from 1 year before the Incident until present. If you have a Facebook page, its contents can be downloaded from your account by first clicking on the "Settings" page, and then clicking on the "Download a copy of your Facebook data" link at the bottom of the page. This will provide a ZIP folder of the pages. We request this complete file/folder or color copies of the same. (Be advised that the contents of your social networking accounts and blogs are evidence potentially relevant to this case. Do not delete any information, posts, photographs, or other content from these websites. Such deletion would be considered destruction of evidenced).*

RESPONSE:  OBJECTION.  Plaintiffs reiterate and restate each Objection from above.  *See*

Plaintiffs' Objection to Request for Production No. 1, which is referenced and incorporated as if

expressly stated herein.  Plaintiffs further object on the grounds that this Request has been asked

and answered.   Subject to and without waiving the foregoing objection, Plaintiffs respond as

follows:  Janene Thorpe does not have any social media accounts or content from social media

accounts for the time requested or prior to.  Christopher Thorpe, Jr. does not have any social media

accounts or content from social media accounts for the time requested or prior to.

For the remaining Plaintiffs, *see* Plaintiffs' *Third Supplemental Disclosures*  and the

documents produced therewith, from which the information contained therein satisfies this

Request.  Plaintiffs will supplement if and as required by the Federal Rules of Civil Procedure as

discovery is ongoing.

///

///

///

///

Undersigned counsel certifies that these disclosures are complete and correct to the best of his knowledge, information, and belief formed after reasonable inquiry.

SIGNED and DATED this 11th day of October 2024

**HEIDEMAN & ASSOCIATES**
*/s/ Norman W. Peat, Jr.*
NORMAN W. PEAT, JR.
JUSTIN D. HEIDEMAN
*Attorneys for Plaintiffs*
