UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JANENE THORPE; CHRISTOPHER THORPE, SR.; CHRISTOPHER THORPE, JR.; and CHARLIE THORPE,<br><br>Plaintiffs,<br><br>v.<br><br>CEDAR HILLS CITY, a government entity, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REOPEN DISCOVERY (DOC. NO. 138)**<br><br>Case No. 2:23-cv-00242<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Ten months after fact discovery closed and three months after expert discovery closed, the Thorpes have filed a motion to reopen discovery to "complete the investigation of claims."[1] Defendants Cedar Hills City and American Fork City (including the American Fork City Police Department and its police officers) oppose the motion.[2] The Thorpes do not specify what additional discovery is needed or explain why they could not have pursued it within the deadlines—nor do they adequately explain their delay in filing the motion. Reopening fact discovery at this stage would unduly prejudice the defendants, where they have already filed motions for summary judgment and

[1] (Mot. to Reopen Disc. (Mot.) 2, Doc. No. 138.)

[2] (Defs.' Opp'n to Pls.' Mot. to Reopen Disc. (American Fork Defs.' Opp'n), Doc. No. 153; Opp'n to Mot. to Reopen Disc. (Cedar Hills Opp'n), Doc. No. 154.)

motions to exclude expert testimony based on the existing record. Accordingly, the motion is denied.

## BACKGROUND

The Thorpes brought this civil rights action against American Fork, Cedar Hills, and various police officers.[3] Under the original scheduling order, fact discovery closed on December 15, 2024.[4] At the parties' request, the court extended the deadline for fact discovery twice.[5] In the second amended scheduling order, the court extended fact discovery to October 15, 2025, warning the parties further extensions were unlikely.[6] Despite that warning, the court later extended expert discovery to May 27, 2026, again warning against further extensions.[7] Since that time, expert discovery has closed, the defendants filed two motions to exclude expert testimony,[8] and Cedar Hills filed two motions for partial summary judgment.[9]

Shortly after all these motions were filed, the court granted the Thorpes' counsel's motion to withdraw and stayed response deadlines for the pending motions.[10]

---

[3] (*See generally* Second Am. Compl., Doc. No. 55.)

[4] (Scheduling Order 2, Doc. No. 73.)

[5] (Am. Scheduling Order, Doc. No. 94; Second Am. Scheduling Order, Doc. No. 101.)

[6] (Second Am. Scheduling Order, Doc. No. 101 (emphasis omitted).)

[7] (Third Am. Scheduling Order, Doc. No. 109 (emphasis omitted).)

[8] (Doc. Nos. 120 & 125.)

[9] (Doc. Nos. 123 & 124.)

[10] (Doc. No. 127.)

The Thorpes' current counsel, Justin Heideman, then entered an appearance, and briefing deadlines were reset.[11] (Mr. Heideman previously represented the Thorpes in this case but withdrew in August 2025, about three months before fact discovery closed.)[12]

Three weeks after Mr. Heideman's new appearance, and ten months after fact discovery closed, the Thorpes filed a motion to reopen discovery and "attendant deadlines."[13] The court ordered the Thorpes to file a supplemental brief specifying which deadlines they sought to extend, but they failed to do so, and the court denied the motion without prejudice.[14] The Thorpes then filed the instant motion, asking the court to reopen fact discovery for ninety days and to allow them to supplement expert disclosures based on any newly discovered information.[15] Because they still did not adequately specify the extensions they sought, the court again ordered them to file a supplemental brief.[16] The Thorpes filed a supplemental brief and a proposed

---

[11] (Doc. No. 128.)

[12] (Doc. No. 104.)

[13] (Doc. No. 132.)

[14] (Doc. Nos. 134 & 135.)

[15] (Mot., Doc. No. 138.)

[16] (Doc. No. 140.)

scheduling order, proposing reopening discovery until November 24, 2026, and reopening expert discovery through July 2027.[17] The motion is now fully briefed.

## LEGAL STANDARD

The court has "broad discretion" in deciding discovery and scheduling matters.[18] A scheduling order "may be modified only for good cause and with the judge's consent."[19] Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[20] Relevant factors to consider include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of

[17] (Suppl. Br. Filed in Supp. of Pls.' Mot. to Reopen Disc. (Pls.' Suppl. Br.), Doc. No. 142; Ex. A to Pls.' Suppl. Br., Proposed Order, Doc. No. 142-1.) Plaintiffs mislabel their proposed order as a "Proposed Second Amended Scheduling Order." Their proposal, if granted, would have been the fourth amended scheduling order.

[18] *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (citation omitted).

[19] Fed. R. Civ. P. 16(b)(4).

[20] *Strope v. Collins*, 315 Fed App'x 57, 61 (10th Cir. 2009) (unpublished) (citing Fed. R. Civ. P. 16(b)(4)).

> the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[21]

**ANALYSIS**

The Thorpes argue discovery should be reopened to allow them to "complete the investigation of [their] claims."[22] They contend it will also "allow the resolution of certain issues with the Defendants' written discovery responses," which they claim were mentioned in a prior status report as a "stipulated basis for extending discovery."[23] The Thorpes assert their former counsel failed to address these issues, and their current counsel "moved without delay" after appearing.[24] And they suggest reopening discovery will allow them to supplement an expert report to correct issues identified in American Fork's motion to exclude expert testimony.[25]

The defendants argue: (1) the Thorpes do not meet the good cause or excusable neglect standards necessary to extend discovery, (2) the Thorpes are bound by prior counsel's decisions, and (3) the factors to reopen discovery all weigh against reopening

---

[21] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[22] (Mot. 2, Doc. No. 138.)

[23] (*Id.* (citing Third Joint Status Report on Remaining Fact Disc. ¶ 3, Doc. No. 106).)

[24] (*Id.*; Pls.' Reply to Def. Cedar Hills' Opp'n 6, Doc. No. 159.)

[25] (Mot. 2, Doc. No. 138; *see also* Opp'n to Defs.' Mot. in Lim. to Exclude Ops. of Sheryl Wainwright 13, Doc. No. 130 (stating Plaintiffs are amenable to "supplementing the [expert] report with updated prognosis information").

discovery, particularly the prejudice and diligence factors.[26] Applying the relevant factors, the Thorpes have not shown good cause to reopen discovery.

As an initial matter, the Thorpes do not identify what new discovery they seek or what prior deficiencies need to be corrected. And while they suggest there was a prior stipulation to extend discovery to address the defendants' deficient responses, no such stipulation is apparent from the record. The Thorpes cite an October 2025 status report indicating the parties were "working collaboratively to resolve certain issues related to" Cedar Hills' discovery responses, including "potential deficiencies or supplemental productions."[27] But the same status report states: "The Parties anticipate completing all remaining fact discovery, *including resolution of the outstanding issues with Cedar Hills City's and Plaintiffs' responses to written discovery requests*, within the deadline set by the scheduling order. *No extensions are currently anticipated.*"[28] On its face, this does not support the Thorpes' claim of a stipulation to extend discovery, and the Thorpes provide no other evidence of any stipulation.

**Diligence.** Turing to the relevant factors, the most important factor in determining whether to reopen discovery is the moving party's diligence in obtaining the requested discovery.[29] The Thorpes argue their diligence should be "assessed against

---

[26] (American Fork Defs.' Opp'n 3, Doc. No. 153; Cedar Hills Opp'n 5–10, Doc. No. 154.)

[27] (Third Joint Status Report on Remaining Fact Disc. ¶ 3, Doc. No. 106.)

[28] (*Id.* ¶ 5 (emphasis added).)

[29] *See Candelaria v. Molina Healthcare, Inc.*, No. 18-725, 2019 U.S. Dist. LEXIS 163088, at *10 (D.N.M. Sept. 24, 2019) (unpublished) (collecting cases and explaining

the whole record," pointing to their change in counsel.[30] But even if certain failures are attributable to prior counsel, when assessing the record as a whole, the Thorpes have not shown they were diligent in pursuing fact or expert discovery within the deadlines.

The fact discovery period ran for nearly two years, and the Thorpes' current counsel oversaw most of it.[31] During this period, the court even granted two extensions, providing the Thorpes with additional time to address their outstanding discovery needs. Similarly, the court granted an extension for expert discovery. After the second and

---

"the weight of authority" agrees that "good cause under Rule 16(b)(4) depends primarily, or even solely, on the diligence of the party seeking extension"); *see also Graves v. Wirta*, No. 20-cv-03595, 2022 U.S. Dist. LEXIS 82765, at *24 (D. Colo. May 6, 2022) (unpublished) (explaining lack of diligence is the "most important" *Smith* factor (citation omitted)); *Kone v. Tate*, No. 20-1080, 2021 U.S. Dist. LEXIS 62155, at *9 (D. Kan. Mar. 31, 2021) (unpublished) (explaining "diligence—the fourth *Smith* factor and the crux of a good-cause determination—remains the most important factor" (citation omitted)); *City of Las Cruces v. United States*, No. 17-809, 2021 U.S. Dist. LEXIS 53295, at *6 (D.N.M. Mar. 22, 2021) (unpublished) ("As reopening discovery modifies a scheduling order and thus requires a showing of 'good cause,' the most important of these factors is the moving party's diligence." (citation omitted)).

[30] (Pls.' Reply to Def. Cedar Hills' Opp'n 5–6, Doc. No. 159.)

[31] Cedar Hills argues the Thorpes' lack of diligence is evidenced by their failure to conduct a single deposition in two years. (Cedar Hills Opp'n 10, Doc. No. 154.) The Thorpes counter by noting the lack of depositions is "if anything, a measure of the very neglect Plaintiffs ask the Court to excuse." (Pls.' Reply to Def. Cedar Hills' Opp'n 6, Doc. No. 159.) Where the Thorpes' current counsel oversaw much of this period of "neglect," their reliance on a change in counsel is unpersuasive. And even if the present issues are solely attributable to prior counsel, the Thorpes are constrained by counsel's decisions. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 634 n.10 (1962) (holding a party could not "avoid the consequences of the acts or omissions" of his prior counsel and the remedy for inadequate representation is a malpractice suit); *Bethscheider v. Westar Energy*, 820 F. App'x 749, 752 (10th Cir. 2020) (unpublished) (finding a defendant should not be penalized for the failures of plaintiff's prior counsel to timely conduct discovery).

third extensions, the court put the parties on notice of the need to diligently address outstanding issues, warning them against further extensions.[32] The Thorpes do not explain why they did not timely pursue the discovery they now seek, given these extensions and warnings. In short, the Thorpes have not shown they were diligent in pursuing discovery and investigating their claims during the nearly two-year discovery period.

Further, the Thorpes were not diligent in raising a dispute regarding the sufficiency of the defendants' discovery responses. The local rules require a party to file a discovery motion "no later than 45 days" after communicating with opposing counsel about the issue.[33] The status report indicates the Thorpes knew of a potential discovery dispute when fact discovery closed.[34] But they waited to file their motion until ten months after the discovery deadline. The deadline to raise a dispute regarding the defendants' responses has long passed. Where the Thorpes had significant time to conduct discovery and did not timely raise this issue, the diligence factor weighs against reopening discovery.

**Foreseeability.** Similarly, the need for additional discovery should have been apparent to the Thorpes. The Thorpes contend they knew of an outstanding discovery

---

[32] (*See* Second Am. Scheduling Order, Doc. No. 101; Third Am. Scheduling Order, Doc. No 109.)

[33] DUCivR 37-1(a)(2), (b)(2)(C).

[34] (*See* Third Joint Status Report on Remaining Fact Disc. ¶¶ 3, 5, Doc. No 106.)

issue and were working to correct it before the close of discovery.[35] If this is true, it should have been readily apparent, as discovery closed, they needed additional time to remedy this issue. This factor weighs against reopening discovery.

**Prejudice.** The prejudice to the defendants is also significant here. As the defendants note, the Thorpes are now familiar with the arguments raised in the dispositive motions and motions to exclude experts.[36] Indeed, the Thorpes plan to remedy certain issues addressed in their arguments.[37] The defendants also contend they have invested significant time and resources into their motions, and they may need to amend and refile them if the Thorpes' motion is granted.[38] The Thorpes argue the prejudice is minimal because all motions will stay on the docket, the court can manage any prejudice, and the motions for summary judgment fail on the current evidentiary record.[39]

The Thorpes presume too much. Reopening discovery and allowing supplementation of disclosures could raise issues not addressed in the existing motions. And where the Thorpes do not disclose what discovery they seek, it is impossible to know what additional briefing will be necessary. This is unduly prejudicial

---

[35] (*See* Pls.' Suppl. Br. 2, Doc. No. 142.)

[36] (American Fork Defs.' Opp'n 3, Doc. No. 153; Cedar Hills Opp'n 9, Doc. No. 154.)

[37] (*See* Pls.' Suppl. Br. 3, Doc. No. 142.)

[38] (Cedar Hills Opp'n 9, Doc. No. 154.)

[39] (Pls.' Reply to Def. Cedar Hills' Opp'n 5, Doc No 159; Pls.' Reply to Def. American Fork's Opp'n 3, Doc No 160.)

where the defendants complied with all filing deadlines, relied on the existing record in briefing their motions, and invested significant resources into the motions. The third factor weighs against reopening discovery.

**Whether the Request Is Opposed.** Next, all defendants oppose the request to reopen discovery. The Thorpes contend the defendants previously stipulated to reopening discovery or were agreeable to an extension.[40] But Defendants dispute any prior agreement.[41] And the Thorpes' claim of a prior stipulation to an extension is unsupported by the record; the status report they cite specifically states no extensions were anticipated.[42] Accordingly, this factor also weighs against reopening discovery.

**Likelihood of Additional Evidence.** Next, the likelihood of additional evidence weighs against reopening discovery. Despite referring to "deficiencies in Defendants' written responses," the Thorpes do not identify any deficiencies or explain what other discovery is needed.[43] Accordingly, this factor weighs against reopening discovery.

**Imminence of Trial.** The imminence of trial is the main factor weighing in favor of reopening discovery. The court has not yet scheduled a trial. But where discovery has closed and dispositive motions are pending, this motion comes too late. Nonetheless, this factor weighs lightly in favor of reopening discovery.

---

[40] (Mot. 2, Doc. No. 138 (citing Third Joint Status Report on Remaining Fact Disc. ¶ 3, Doc. No. 106).)

[41] (Cedar Hills Opp'n 4 n.1, Doc. No 154.)

[42] (*See* Third Joint Status Report on Remaining Fact Disc. ¶ 5, Doc. No. 106.)

[43] (Pls.' Reply to Def. American Fork's Opp'n 3, Doc. No. 160; Mot. 2, Doc. No. 138.)

* * *

Considering all the factors, the Thorpes have not shown good cause to reopen discovery. Although one factor—the fact that no trial has been set—weighs in favor of reopening discovery, the remaining factors weigh against it. The need for this discovery was foreseeable before discovery closed, and the Thorpes failed to diligently pursue it. Moreover, the defendants would suffer prejudice if discovery were reopened ten months after fact discovery closed—and after dispositive motions and motions to exclude experts were filed. Under these circumstances, there is no good cause to reopen discovery.

## CONCLUSION

The Thorpes' motion to reopen discovery[44] is denied.

DATED this 17th day of November, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[44] (Doc. No. 138.)